UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN NAJERA,

                Plaintiff,

         -against-

ROYAL BEDDING COMPANY, LLC,

                Defendant.
-----------------------------------------------------------------X

D/F

**MEMORANDUM & ORDER**

**13-CV-1767 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

## I. BACKGROUND

On April 2, 2013, Plaintiff Juan Najera commenced this action against Defendant Royal Bedding Company, LLC, seeking—among other things—unpaid overtime, liquidated damages, spread of hours, and attorney's fees and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law §§ 650, et seq. (Compl. (Dkt. 1) ¶¶ 1-2.) Plaintiff alleges that he was formerly employed by Defendant to assemble box springs contained in Defendant's mattresses, and that Plaintiff regularly worked in excess of 40 hours per week without receiving statutory overtime payments or spread of hours pay. (Id. ¶¶ 12-14.) Although no attorney ever appeared on behalf of Defendant—which also never filed an answer—the docket reflects that nearly one year after Plaintiff filed his Complaint, the parties began pursuing settlement discussions before Magistrate Judge Marilyn D. Go. (See Feb. 7, 2014, Min. Entry.) During these discussions, Plaintiff was represented by the law office of Ulloa & Castillo, LLP, whom Plaintiff retained for the purpose of this litigation (Compl. ¶ 15); Defendant was represented by its President, Wellbbis Trinidad (see, e.g., Mar. 26, 2014, Min. Entry).

1

On September 3, 2014, Plaintiff filed a Settlement Agreement and Release (the "Settlement Agreement," or the "Agreement") (Dkt. 11), as well as a stipulation of voluntary dismissal (Stip. of Dismissal (Dkt. 12)), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). On September 15, 2014, however, the court notified the parties that settlements of FLSA claims must be reviewed for fairness and reasonableness, and the court lacked sufficient information to have "a factual basis upon which to evaluate the settlement and any attorney's fee award contained therein." (Sept. 15, 2014, Order.) For that reason, the court directed Plaintiff to advise the court, by letter or affirmation, of: "(1) the estimated value of Plaintiff's original claims, (2) the amount of the settlement that is allocated to attorney's fees, (3) the experience of the counsel in wage and hour suits, (4) the arm's-length nature of the parties' negotiations, and (5) the hours billed by Plaintiff's counsel." (Id. (citation omitted).)

Over six months later, on April 17, 2015, Plaintiff filed a letter responding to the court's instruction. (Apr. 17, 2015, Pl. Ltr. ("Pl. Ltr.") (Dkt. 14).) The court has now reviewed Plaintiff's letter, as well as the Settlement Agreement itself. For the following reasons, the court concludes that the terms of the settlement are fair and reasonable.

## II. DISCUSSION

### A. Legal Standard

The FLSA places "'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Consequently, absent direct supervision by the Secretary of Labor, FLSA claims may be voluntarily dismissed pursuant to an out-of-court settlement for less than

the full statutory damages amount only where the district court has had an opportunity to scrutinize the proposed settlement for fairness and to approve of its content. See Archer v. TNT USA Inc., 12 F. Supp. 3d 373, 387 (E.D.N.Y. 2014); Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40-41 (E.D.N.Y. 2014); Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 334-37 (S.D.N.Y. 2012). In scrutinizing the proposed settlement, courts consider "'whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" Mosquera, 2011 WL 282327, at *1 (quoting Le, 2008 WL 724155, at *1).

When reviewing an FLSA settlement that does not involve a certified class, district courts typically examine the agreement to assess the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation. See, e.g., Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377 (KAM) (CLP), 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010) (report and recommendation) (quoting Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 54 (E.D.N.Y. 2010)), adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010). In addition, the court also considers whether the settlement is the result of arm's-length negotiations conducted in good faith by counsel with significant experience litigating wage and hour suits. See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

When an FLSA settlement includes an allotment for attorney's fees, the court must also evaluate the reasonableness of the fees. 29 U.S.C. § 216(b); see also Rangel v. 639 Grand St.

Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). This ensures that the agreement is not influenced by a conflict between the interests of counsel and the interest of a plaintiff in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336 (citing Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam)).

B.   Analysis

Having considered the relevant factors, the court is satisfied that the Settlement Agreement represents a fair and reasonable resolution of Plaintiff's claims. Under the terms of the Agreement, Defendant will pay a total of $10,000 (Settlement Agreement at para. 3), of which Plaintiff will receive $8,000 in damages, with the remaining $2,000 to be paid to Plaintiff's counsel as attorney's fees. (Pl. Ltr. at 1.) Given Plaintiff's assertion that the original value of his claim was approximately $8,320[1] (id. at 1), his recovery of more than 95% certainly constitutes a reasonable resolution in light of the best possible recovery. See Alleyne, 264 F.R.D. at 57-58 (finding 17% recovery to be reasonable).

Other factors also support the court's determination that the Settlement Agreement is fair and reasonable. For example, not only did Defendant dispute the number of weeks Plaintiff worked each year, but neither Plaintiff nor Defendant maintained any records of Plaintiff's time at work. (Id.) Consequently, insofar as the parties disputed the precise value of Plaintiff's claim, Plaintiff faced obvious risks in establishing damages. In fact, Plaintiff specifically agreed to forgo liquidated damages to account for this dispute and the ensuing litigation risks. (Id.)

---

[1] Plaintiff estimates the value of his claim by arguing that while he was owed $520 per week (based on wages of $10 per hour at 40 hours per week ($400), plus overtime wages of $15 per hour at 8 hours per week ($120)), he was only paid $480 per week, leaving a deficiency of $40 per week. (Pl. Ltr. at 1.) Because Plaintiff claims that he worked 52 weeks per year—with no vacation—for four years, he is owed $8,320 ($40 per week x 52 weeks per year x 4 years) in unpaid overtime. (Id.)

4

In addition, although it has been over two years since Plaintiff filed his Complaint, the parties reached this settlement at an early phase of the litigation—before Defendant filed an answer, before the parties engaged in fact discovery, and before any dispositive motion practice. Instead, the parties engaged in extensive settlement negotiations, first in Plaintiff's counsel's office, on three occasions (id.), and then before Judge Go, on at least six occasions over the course of more than three months. (See Feb. 7, 2014, Min. Entry; Mar. 26, 2014, Min. Entry; Apr. 16, 2014, Min. Entry; Apr. 23, 2014, Min. Entry; Apr. 24, 2014, Min. Entry; May 13, 2014, Min. Entry.) Moreover, there is evidence that these negotiations were conducted at arm's length. According to Plaintiff's counsel, whose stated goal was maximizing Plaintiff's recovery, the parties only reached this Agreement after Judge Go applied "some pressure" on Defendant to make certain concessions and accept the ultimate settlement amount of $10,000. (Id.)

The court also determines that the attorney's fees awarded under the Agreement are reasonable. Pursuant to the Agreement, Plaintiff's counsel will be awarded $2,000, which represents 20% of the total recovery. (See id.) As a percentage of the overall settlement amount, this is less than the one-third contingency fees that are commonly accepted in the Second Circuit in FLSA cases. See Rangel, 2013 WL 5308277, at *1; Palacio v. E*TRADE Fin. Corp., No. 10-CV-4030 (LAP) (DCF), 2012 WL 2384419, at *6 (S.D.N.Y. June 22, 2012) (finding FLSA class counsel's request for one-third of the total recovery to be fair and reasonable using the "percentage-of-recovery method, which is consistent with the 'trend in this Circuit'" (quoting McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010))). Plaintiff's counsel, however, represents that it has only five years of practice handling general civil litigation matters, and "some experience" handling wage and hour claims in district court. (See Pl. Ltr. at 1.) Thus, a reduced award appropriately reflects and appears commensurate with counsel's

5

more limited experience relative to attorneys who have received higher fees in the past. See, e.g., Palacio, 2012 WL 2384419, at *5 (noting that counsel has "substantial experience prosecuting and settling employment class actions . . . and are well-versed in wage and hour law and in class action law").

Furthermore, the lower award of $2,000 also constitutes a significant reduction from the amount counsel would have charged for its work. According to counsel, Plaintiff was billed for 14 hours of work at a rate of $250 per hour, for a total of $3,500. (Pl. Ltr. at 1.) Counsel represents that it agreed to accept a discount of $1,500—representing more than 40% of its total bill—however, "in large measure because Defendant's financial situation did not permit recovery of the entire amount." (Id. at 1-2.) Moreover, on an adjusted basis, counsel's effective hourly rate of $143 per hour is far less than the hourly billing rates typically approved in this district. See Konits v. Karahalis, 409 F. App'x 418, 422 (2d Cir. 2011) (summary order) (affirming district court's holding that "the prevailing rates for experienced attorneys in the Eastern District of New York cases range from approximately $300-400 per hour") (internal quotation marks omitted); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 725 (E.D.N.Y. 2009) (noting that hourly rates approved in this district range from $200 to $350 for partners, and approving rate of $250 per hour in calculating attorney's fees award for FLSA plaintiffs). Since the Agreement provides that Plaintiff will recover more than 95% of his alleged claim, while his attorneys will receive less than 60% of their typical fees (at an effective hourly rate that is less than half of what is usually considered appropriate), it is clear that Plaintiff's counsel's first priority was to ensure Plaintiff would obtain the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336.

In these circumstances, the court is convinced that this Agreement reflects a "'reasonable compromise of disputed issues.'" Mosquera, 2011 WL 282327, at *1 (quoting Le, 2008 WL 724155, at *1).

## III. CONCLUSION

For the foregoing reasons, the court concludes that the Settlement Agreement is fair and reasonable. Thus, the settlement is APPROVED and the Stipulation of Dismissal is SO ORDERED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
     June 3, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge